*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

SHANE MEL JOHNSON,

        Defendant-Appellant.

UNPUBLISHED
April 25, 2024

No. 364576
Ottawa Circuit Court
LC No. 21-044506-FC

Before: BOONSTRA, P.J., and FEENEY and YOUNG, JJ.

YOUNG, J. (*concurring in part and dissenting in part*).

I agree with the majority that Shane Johnson has not demonstrated he is entitled to a new trial. I also agree that the trial court provided sufficient reasoning to justify a sentence beyond the recommended minimum sentencing guidelines range. However, I would remand for resentencing because the trial court failed to justify the *extent* of its particular, substantially-out-of-guidelines sentence.

Sentencing guidelines are advisory, not mandatory. *People v Lockridge*, 498 Mich 358, 399; 870 NW2d 502 (2015). And as the majority provided, "[a] sentence that departs from the applicable guidelines range will be reviewed by an appellate court for reasonableness." *Id*. at 392; see also *People v Posey*, 512 Mich 317; ___ NW3d ___ (2023). Further, "appellate review of departure sentences for reasonableness requires review of whether the trial court abused its discretion by violating the principle of proportionality . . . ." *People v Steanhouse,* 500 Mich 453, 477; 902 NW2d 327 (2017). Notably, since their inception, the guidelines have been understood to be an embodiment, albeit an imperfect one, of the principle of proportionality. *People v Milbourn,* 435 Mich 630, 661; 461 NW2d 1 (1990), overruled in part on other grounds by *Steanhouse*, 500 Mich 453;[1] see also *People v Babcock,* 469 Mich 247, 263; 666 NW2d 231 (2003). So, while trial courts are no longer *bound* by the guidelines, sentencing *beyond* the

---

[1] In *Steanhouse*, the Michigan Supreme Court specifically disavowed dicta from *Milbourn* that "urged that the guidelines should almost always control." *Steanhouse*, 500 Mich at 476. The portions of *Milbourn* relied upon herein are not disavowed.

guidelines, especially where the guidelines ranges are as broad as those afforded to judges in Michigan, requires the trial court provide "adequate reasons for the extent of the departure." *Steanhouse,* 500 Mich at 476.

Here, the trial court did not provide adequate reasons. Johnson's sentencing guidelines range was 108 to 180 months (9 to 15 years). Had the trial court sentenced Johnson anywhere within the six-years-wide guidelines range, Johnson's sentence would have been presumptively proportionate. *Posey*, 512 Mich 317. Nevertheless, the trial court sentenced Johnson five years beyond the top of his guidelines range without acknowledging the substantial difference between the sentence imposed and the top of the guidelines range.

Regarding its decision to impose an out-of-guidelines sentence, the trial court stated it had read through Johnson's sentencing memorandum as well as his letters of support. On this record, then, it would appear the trial court considered the "offender" in ways both reflected and not reflected in the guidelines. Further, and though the trial court made no reference to it explicitly, between the Presentence Investigation Report and the Sentencing Memorandum, it appears the trial court knew that Johnson had no prior felony or juvenile record. Presumably, though, these would be mitigating, not aggravating, considerations.

The primary justification for the sentence imposed was "the number of times this occurred and the years over which it occurred." The trial court observed the highest score that could be assessed for OV 13, given the circumstances of Johnson's case, was 25 points, accounting for "3 or more crimes against a person." MCL 777.43(1)(c).[2] The trial court stated it did not believe OV 13 adequately accounted for the hundreds of times Johnson sexually assaulted RC over a period of years. Thus, the trial court relied on one of the several allowable factors to determine whether an out-of-guidelines sentence is proportionate. See *People v Dixon-Bey*, 321 Mich App 490, 525; 909 NW2d 458 (2017) (enumerating three non-exhaustive factors to consider when sentencing beyond the guidelines range: "(1) whether the guidelines accurately reflect the seriousness of the crime, (2) factors not considered by the guidelines, and (3) factors considered by the guidelines but given inadequate weight.").

The trial court also relied on other factors that can properly justify a departure sentence, including Johnson's familial relationship to RC and his lack of remorse. *People v Walden*, 319 Mich App 344, 352-353; 901 NW2d 142 (2017) (quotation marks and citation omitted). However, and this is particularly true in cases where a person does not allocute at sentencing, considering a lack of remorse can too closely resemble the improper consideration of an offender's failure to admit guilt. *People v Wesley,* 428 Mich 708, 713-714; 411 NW2d 159 (1987) (identifying the factors to consider to determine if sentencing was improperly influenced by defendant's failure to admit guilt).[3] But here, while Johnson did not allocute at sentencing, the trial court did not rely on

---

[2] MCL 777.43(1)(a) also allows for a score of 50 points where "the offense was part of a pattern of felonious criminal activity involving 3 or more sexual penetrations against a person or persons less than 13 years of age, and the sentencing offense is first-degree criminal sexual conduct."

[3] Although we are required to follow cases decided on or after November 1, 1990, see MCR 7.215(J)(1), a published case decided by this Court "has precedential effect under the rule of stare

Johnson's silence at sentencing to evidence the perceived lack of remorse. The trial court specifically inferred a lack of remorse given Johnson's phone call with RC before this case commenced when Johnson did not deny, and seemingly minimized, RC's allegations.

Simply put, the trial court endeavored to explain why the guidelines inadequately accounted for Johnson's conduct. However, the trial court never addressed the *extent* of its variance from the guidelines, only acknowledging *a* departure was necessary. See *Milbourn*, 435 Mich at 660 ("Even where some departure appears to be appropriate, the extent of the departure (rather than the fact of the departure itself) may embody a violation of the principle of proportionality."); see also *People v Parkins*, 507 Mich 916; 956 NW2d 507 (2021) (remanding for resentencing because the trial court failed to explain both how the guidelines variables were insufficient and how the extent of the ultimate departure was justified).

Here, at a minimum, the trial court should have included some reasoning as to why the particular length of its substantial variance from the guidelines was necessary under the circumstances. See *People v Hudson*, unpublished per curiam opinion of the Court of Appeals, issued March 24, 2022 (Docket No. 355863), pp 3-5 (concluding the same under nearly-identical circumstances);[4] see also *People v Hudson*, unpublished per curiam opinion of the Court of Appeals, issued January 11, 2024 (Docket No. 364471) (*Hudson II*) (SHAPIRO, J., dissenting), unpub op at 2 ("[W]here the available range is broad, a trial court should be required to state why the range provided is insufficient to take the additional factors into account, rather than to simply cite facts that are not accounted for in the guidelines.")

Because the trial court erred in failing to articulate a justification for the extent of its particular variance from the guidelines, Johnson is entitled to resentencing.

/s/ Adrienne N. Young

---

decisis," MCR 7.215(C)(2). See also *Woodring v Phoenix Ins Co*, 325 Mich App 108, 114-115; 923 NW2d 607 (2018), (stating that although this Court is not "strictly required to follow uncontradicted opinions from this Court decided before November 1, 1990," those opinions are nonetheless "considered to be precedent and entitled to significantly greater deference than are unpublished cases") (emphasis omitted).

[4] "While [unpublished] opinions are not binding precedent . . . , [this Court] may consider them as instructive or persuasive." *People v Jamison*, 292 Mich App 440, 445; 807 NW2d 427 (2011).